**Harvey E. COBB, Appellant,**

v.

**Frank HALTON et al., Appellees.**

**No. 4057.**

Court of Civil Appeals of Texas.

Waco.

Dec. 6, 1962.

Rehearing Denied Jan. 10, 1963.

———◆———

Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

Wagner & Graham, Brownsville, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment that plaintiff take nothing in a personal injury suit.

Plaintiff Cobb and defendant Halton were both truck drivers. Halton drove a truck labeled Reynolds Refrigerated Truck Service, under an arrangement with defendant Reynolds Refrigerated Truck Service, Inc. Cobb and Halton had both hauled loads to Massachusetts, and were returning to Texas, when on the evening of 21 February 1958, they both stopped in the State of New York at the "State Line Cafe." They parked their trucks in the parking area, ate their supper, and at about 9:00 p. m. on leaving the cafe discovered that both trucks had mired into the ice and snow on the parking lot, and would not move. They undertook to free the trucks by stretching chains in front of the driver wheels, so that the trucks might develop sufficient traction to pull out of the ice. In pursuit of their efforts, Cobb stretched a chain in front of the left driver wheel of Halton's truck, and then went around to the right driver wheel. While Cobb was stretching a chain in front of this wheel, Halton got into the cab of the truck and released the clutch on the truck (which was running), causing the wheels to spin, and the wheel and chain struck Cobb, inflicting serious injuries on him by jerking and breaking his right arm and shoulder.

Cobb sued Halton and Reynolds Truck Service for damages for such injuries. Defendant Reynolds answered that Halton was not its agent or employee, but an independent contractor; that plaintiff was guilty of contributory negligence; and assumed the risk of injury voluntarily by his own conduct.

Default judgment was taken against Halton, and trial to a jury was had as to Reynolds Truck Service.

The jury found:

1, 2 & 3) That Halton was the agent of Reynolds; acting within the scope of

his agency at the time and place of plaintiff's injuries; and that Halton and Reynolds were engaged in a joint venture.

4 through 12) That Halton failed to keep a proper lookout; failed to warn plaintiff of his intention to spin the wheels prior to setting the wheels in motion; that such constituted negligence and a proximate cause of plaintiff's injuries.

22) Immediately prior to the time plaintiff placed the chain in front of the right driver wheel there was danger surrounding the operation.

23) This danger was open and obvious to the ordinary prudent man.

24) Plaintiff's voluntary exposure to this open and obvious danger was a proximate cause of his injuries.

26) Halton was an independent contractor as to Reynolds Truck Service, in operating the truck on 21 February 1958.

27 & 28) The failure of plaintiff to make arrangements with Halton not to start the driver wheels until notified that the chain under the right driver wheel was in position was negligence, and a proximate cause of plaintiff's injuries.

32) Plaintiff's damages were fixed at $22,614.84.

The Trial Court entered judgment on the verdict that plaintiff take nothing as to defendant Reynolds Refrigerated Truck Service.

Plaintiff appeals, contending the Trial Court erred in entering judgment that he take nothing, through its giving effect, if it did:

1) To the finding that Halton was an independent contractor, since Reynolds was liable under the facts as a matter of law.

2) To the findings of plaintiff's voluntary exposure to risk (Issues 22, 23, 24), such defense being unavailable because: a) it was not plead; b) the basic issue was inadequately submitted; and c) no issue pertaining to the essential element of negligence was submitted.

3) To the defense of contributory negligence (Issues 27 and 28), because such erroneously imposed on plaintiff the duty to foresee or anticipate Halton's negligence.

We revert to plaintiff's 3rd contention that the Trial Court erred in giving effect to Issues 27 and 28 which found that plaintiff was guilty of negligence in not making arrangements with Halton not to start the driver wheel until he was notified that the chain under such wheel was in place, and that such was a proximate cause of plaintiff's injury. Plaintiff contends that this issue erroneously imposed upon him the duty to foresee or anticipate Halton's negligence. As noted, Halton was convicted of primary negligence proximately causing plaintiff's injuries.

The accident happened at night; the temperature was about zero; ice and snow covered the lot where the 2 trucks were parked. The trucks were mired into the ice, but had the engines running, and there was quite a bit of background noise in the area. Plaintiff testified that he placed the chain under the left driver wheel of Halton's truck; that Halton was not in the cab of the truck at that time; that when he went around to place the chain under the right driver wheel he had no idea Halton was going to get into the cab. That Halton did get into the cab without his knowledge, and released the clutch, starting the driver wheels in motion.

Halton testified that Cobb was to poke the chains under the tire as it turned; that he was causing the driver wheels to turn; that Cobb never requested him to stop the wheel from turning; and that the first he knew of the accident was when he got out of the cab and went around to the side of

the truck and found Cobb holding his shoulder and in pain.

Cobb knew that the motor of the truck was running; he knew that at some point the wheels were to be set in motion in order to attempt to move the truck. We think the jury justified from all the facts in finding plaintiff guilty of negligence in failing to make arrangements with Halton not to start the wheels until notified that the chain was in position.

Plaintiff's 3rd contention is overruled. Plaintiff's 1st and 2nd contentions pass out of the case.

The judgment of the Trial Court is affirmed.